It's 23-701, and I am under the impression, Mr. Kelly, that you're leaving two minutes per bubble. Is that correct? That's correct. Okay. When you are ready, we will begin. Good morning, Your Honors. My name is Thomas Kelly. I'm the appellant pro se. On appeal before you is a Rule 36 motion that was presented to the district court to correct an inconsistency between the oral pronouncement and the written judgment. I'm going to ask you to speak more closely into the mic. I know I'm having a hard time hearing you. I'm sorry. No need to apologize. I'll just get it fixed. Is that better? Yep. Much better. Thank you. The lower court denied this motion and provided two reasons. I want to address the first reason. The court stated that I did not identify any inconsistency between the oral pronouncement and the written judgment. To support this conclusion, the judge reasoned that the proceeding and in the judgment, the court identified CEF as the victim to whom restitution was owed and identified $94,767 as the amount of restitution. Both of those items fall under the primary part of the MVRA. Can you start off by explaining to me why you think Rule 36 is an appropriate procedural vehicle here? Because under the Werber line of cases, when the oral pronouncement and the written judgment has an inconsistency, the oral pronouncement prevails. In this case, the judge was very clear in her oral pronouncement that she did not want to have double recovery. The court mentioned that two times. The result of this was double recovery. Do you regard that as a clerical error? Well, under the Werber line of cases, I do. Yes, Your Honor. Okay. And so I did not ask the court to review the victim or the amount of restitution. I asked the court to look into the procedural provision, which is because there was a third party that paid the victim before this case even started. And the affidavit of probable cause was based on the... Can you tell me what you think the practical outcome is of the relief you seek? The practical outcome? Yeah. I mean, what do you think that happens? What do you think happens if we agree with you? What happens... How does that change your situation? My situation is that I... See, right now I owe the restitution, the balance of the restitution, and I owe Zurich $100,000. So I basically was... I have to pay twice for... And the money was given... The money was paid to the victim for the same... For this case. Are you taking the position that if we decide with you, you do not owe Zurich that money? Well, according to them, I don't because the restitution will go to them. And see, that's the whole procedural provision, is that there's not a windfall or double recovery to the victim. And this case started almost simultaneously with the affidavit of probable cause. The insurance check was released for the two charges of mail and wire fraud. And the insurance payment was always attached to this case through the PSR, through everything. The judge brought it up, spoke about it for two days. Okay, so I'm going to let you have your two minutes, but thank you very much. We'll hear from your opposing counsel. Okay. Thank you.  Good morning. May it please the court. I'm Adam Margulies, and I'm representing the United States on this appeal. The appeal should be dismissed or, in the alternative, the order should be affirmed for four independent reasons. First, the appeal should be dismissed because a favorable ruling would not change the restitution liability that was ordered in this case. And therefore, Mr. Kelly lacks Article III standing on appeal. Second, and in the alternative, the order should be affirmed because Mr. Kelly does not raise a clerical error within the scope of Rule 36. The district court's written judgment directing restitution to the victim in this case was consistent with its oral pronouncement at sentencing. Third, Mr. Kelly did not raise the claim that he currently raises in the direct appeal that he filed about 13 years ago. And therefore, it's waived. And fourth, Your Honors, the district court did not abuse its discretion in following the default rule and ordering that restitution be paid to the victim in this case. The district court had before it the information regarding the $100,000 insurance payment, and the district court found that directing payment to the victim in this case would not necessarily result in a double recovery. What is your position with respect to the subrogation clause? What does that do? Your Honor, I think the subrogation clause is raised in Mr. Kelly's argument in the context of responding to the government's standing argument. And I don't think that the subrogation clause affects the standing analysis here. It's unclear to the government how the subrogation clause would work. And first of all, I would note I'm not sure that it's even in the record, but even as it's represented in Mr. Kelly's brief, I believe the subrogation clause states that any money that's paid to the victim would have to be turned over to Zurich. So it's unclear how directing payment to one, either to Zurich directly or to the victim, would change things as a practical matter here. Is Mr. Kelly still making payments on the restitution? Your Honor, I've looked into this, and I can report to the court based on my understanding how much restitution is still paid. I'm not sure when the last payment was made. Why don't you do the best to give us your best representation? My understanding was that as of about a week ago, there was about $8,500 that had been paid and about $86,000 that was still outstanding. Your Honor, unless the court has further questions, the government's prepared to rest on its branch. Counsel, he claims there's a risk of double recovery. What do you say about that? Your Honor, I don't think there is a risk of double recovery here. And I guess I think more directly to Your Honor's point, I think that the risk of double recovery is something that the district court considered at sentencing. And the district court made an assessment that even considering the $100,000 that the victim had received from restitution, given the nature of the losses and the scope of the losses that were submitted to the court as part of what's referred to as the Chalstey Declaration, it was entirely possible that the victim could recover the $100,000 from the insurance company as well as the restitution that the court ordered here and still be, quote, out of pocket. So the court made a finding on that, and I think there's no basis to disturb that finding at this point. So if I understand your position correctly, you're saying that it's not really a clerical error that is being challenged, but rather a substantive challenge to the restitution order about whether or not the victim may be made more than whole for what injury? That's correct, Your Honor. Do either of my colleagues have any further questions? No, thank you. Thank you. Mr. Kelly, you've got your rebuttal. Thank you. And maybe you can start with the question that I just posed to your colleague. Which is? Is this, in fact, a clerical error, or are you more accurately challenging a concern? Or are you more actually raising a concern that you may be on the hook for more than what would be required to make the victim whole? No, it's not a challenge to the restitution order at all. It's a challenge because the judge in this order and in the original order never actually addressed the issue of under 3664J1. It was never actually addressed, despite. But you did raise it. Well, the court actually raised it as well. And the answer that the government provided, if you look at it, was that they could work this out outside of the courtroom. Which is, that's not even possible. Okay? So there was never any factual findings on the record in the first instance as to why that insurance payment that was part of this case suddenly became separated from the case at the 11th hour of the sentencing. It was always a part of it. It was always acknowledged as it was paid for on behalf of the conduct. The insurance claim was actually drafted, okay? The affidavit of probable cause was actually drafted to make sure that they received the payment. I mean, so these two were connected like Siamese twins, and then suddenly they were separated without any explanation whatsoever. So as far as the substance of it, we didn't get that far. It was never really addressed. Because the government said, we don't need to do it because that payment that the victim received has basically nothing to do with this case. I mean, that's really their argument. But at no point did they ever explain why it has nothing to do with it. And as far as saying that the judge said that the victim might suffer additional losses, she wasn't saying that as a finding. She was saying that as to why she can't award this nearly $800,000 in additional money that the government and the victim was seeking. Because it had nothing to do with the crime of conviction. For instance, they mentioned all over the place construction expenses, and there were no construction expenses as part of this case ever. So it was never addressed in the first instance. So I'm definitely not. So to me, it's a clerical error because the intention of the court was clearly that it can't result in double recovery. And I don't see how the judge would have brought that up twice in one sentence without. I think we hear your argument and we will take the matter under advisement. Thank you so much. Thank you very much, Your Honors.